**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | |
|---|---|
| 1. **Debtor's name** | Prospect Land and Development LLC |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 9 3 – 0 8 2 6 4 0 4 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 748     T-7 Road<br>Number     Street | 385     Interlocken Crescent<br>Number     Street |
| | #400<br>P.O. Box |
| Gillette     WY     82718<br>City     State     ZIP Code | Broomfield     CO     80021<br>City     State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Campbell County<br>County | Number     Street |
| | City     State     ZIP Code |

5. **Debtor's website (URL)**     https://cloudpeakenergy.com/

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor    Prospect Land and Development LLC    Case number (if known)_____
          _____
          Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

 2  1  2  1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY

       District _____  When _____  Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor  See Rider 1 _____  Relationship  Affiliate _____

       District  District of Delaware _____  When  _____
                                                         MM  /  DD  / YYYY

       Case number, if known  _____

Debtor   Prospect Land and Development LLC                                      Case number *(if known)*_____
         _____
         Name

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No. See Rider 2.

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                           Number        Street

_____

_____
City                                              State      ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors[1]**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☑ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets[1]**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☑ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

[1] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                    page **3**

Debtor  Prospect Land and Development LLC
        _____        Case number (*if known*)_____
        Name

| 16. **Estimated liabilities**[1] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ■ I have been authorized to file this petition on behalf of the debtor.

- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/10/2019
            _____
            MM  / DD / YYYY

✗ /s/ Bryan Pechersky                              Bryan Pechersky
_____        _____
Signature of authorized representative of debtor    Printed name

Title  Executive Vice President, General Counsel and Corporate Secretary
      _____

**18. Signature of attorney**

✗ _____        Date  05/10/2019
  Signature of attorney for debtor                   MM / DD / YYYY

Daniel J. DeFranceschi
_____
Printed name
Richards Layton & Finger, P.A.
_____
Firm name
One Rodney Square, 920 North King Street
_____
Number      Street
Wilmington                                    DE        19801
_____         _____   _____
City                                          State      ZIP Code

(302) 651-7700                                defranceschi@rlf.com
_____         _____
Contact phone                                 Email address

2732                                          DE
_____         _____
Bar number                                    State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

**Fill in this information to identify the case and this filing:**

Debtor Name  Prospect Land and Development LLC

United States Bankruptcy Court for the: _____ District of Delaware

(State)

Case number (if known): _____

## Rider 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor:**

| |
|---|
| Antelope Coal LLC |
| Arrowhead I LLC |
| Arrowhead II LLC |
| Arrowhead III LLC |
| Big Metal Coal Co. LLC |
| Caballo Rojo LLC |
| Caballo Rojo Holdings LLC |
| Cloud Peak Energy Finance Corp. |
| Cloud Peak Energy Inc. |
| Cloud Peak Energy Logistics LLC |
| Cloud Peak Energy Logistics I LLC |
| Cloud Peak Energy Resources LLC |
| Cloud Peak Energy Services Company |
| Cordero Mining LLC |
| Cordero Mining Holdings LLC |
| Cordero Oil and Gas LLC |
| Kennecott Coal Sales LLC |
| NERCO LLC |
| NERCO Coal LLC |
| NERCO Coal Sales LLC |
| Prospect Land and Development LLC |
| Resource Development LLC |
| Sequatchie Valley Coal Corporation |
| Spring Creek Coal LLC |
| Western Minerals LLC |
| Youngs Creek Holdings I LLC |
| Youngs Creek Holdings II LLC |
| Youngs Creek Mining Company, LLC |

Rider 1

**Fill in this information to identify the case and this filing:**

Debtor Name  Prospect Land and Development LLC

United States Bankruptcy Court for the: _____ District of Delaware

(State)

Case number (if known): _____

## Rider 2
## Real Property or Personal Property that Needs Immediate Attention

Question 12, among other things, asks the debtor to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The above-captioned debtor (the "*Debtor*") engages in the extraction, mining, and shipping of thermal coal.  The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety.  The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

Rider 2

| **Fill in this information to identify the case:** |
| Debtor name __Cloud Peak Energy Inc. et al.__ |
| United States Bankruptcy Court for the: _____ District of __Delaware__ (State) |
| Case number (If known): _____ |

❑ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                                  12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  Wilmington Trust, N.A. - 2024 Bonds Attn: Quinton M. Depompolo 50 South Sixth Street, Suite 1290 Minneapolis, MN 55402 | Wilmington Trust, N.A. - 2024 Bonds Attn: Quinton M. Depompolo PHONE: 612-217-5670 FAX: 612-217-5651 EMAIL: qdepompolo@wilmingtontrust.com | Bonds | Unliquidated | | | $56,400,000.00 plus accrued and unpaid interest as of the petition date. |
| 2  BNSF Attn: George Duggan Bnsf Railway Company 3001 Lou Menk Drive Fort Worth, TX 76131-2800 | BNSF Attn: George Duggan PHONE: 817-867-6253 FAX: 817-352-7940 EMAIL: George.duggan@bnsf.com | Transportation | | | | $8,115,284.89 |
| 3  Nelson Brothers Mining Services, 2115 Bishop Road P.O. Box 1478 Gillette, WY 82717-1478 | Nelson Brothers Mining Services Attn: Mike Curtis PHONE: 307-687-0764 FAX: EMAIL: mcurtis@nelsonbro.com | Trade Vendor | | | | $4,260,930.33 |
| 4  Westshore Terminals Limited Attn: Glen Dudar 1 Roberts Bank Delta, BC Y4M 4G5 Canada | Westshore Terminals Limited Attn: Glen Dudar PHONE: 604-946-9494 FAX: EMAIL: gdudar@westshore.com | Port/Shipping | | | | $1,497,420.00 |
| 5  Korea Line Corporation Attn: Wonho Bae Sm R&D Center #78 Magokjungang8-Ro, Gangseo-Gu Seoul 06163 South Korea | Korea Line Corporation Attn: Wonho Bae PHONE: 02-3701-0114 FAX: 822-733-1610 EMAIL: whb@korealines.co.kr | Port/Shipping | | | | $654,002.10 |
| 6  Wyoming Machinery Company Attn: Richard Oates, Jr 5505 Mohan Road Po Box 1238 Gillette, WY 82717-1238 | Wyoming Machinery Company Attn: Richard Oates, Jr PHONE: 307-261-4402 FAX: 307-686-3961 EMAIL: rhoates@wyomingcat.com | Trade Vendor | | | | $639,251.62 |
| 7  Cummins Rocky Mountain LLC Attn: Wayne Lepine 2600 East 2Nd Street Gillette, WY 82716 | Cummins Rocky Mountain LLC Attn: Wayne Lepine PHONE: 307-687-4107 FAX: 307-682-8242 EMAIL: wayne.a.lepine@cummins.com | Trade Vendor | | | | $365,669.36 |
| 8  Esco Group LLC Attn: Jim Carter 1515 E. Lincoln Street Gillette, WY 82716 | Esco Group LLC Attn: Jim Carter PHONE: 307-464-6208 FAX: 800-546-3726 EMAIL: jim.carter@escocorp.com | Trade Vendor | | | | $295,819.99 |

Debtor  **Cloud Peak Energy Inc. et al.**
Name

Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 33 | Excel Foundry & Machine Inc Attn: Chris Toews P.O. Box 400 1 Excel Way Pekin, IL 61555-0400 | Excel Foundry & Machine Inc Attn: Chris Toews PHONE: 309-419-8814 FAX: 309-347-1931 EMAIL: Chris@excelfoundry.com | Trade Vendor | | | | $86,912.69 |
| 34 | Thermo Fluids Inc Attn: Cody Jones 2600 North Central Expressway Richardson, TX 75080 | Thermo Fluids Inc Attn: Cody Jones PHONE: 307-257-9158 FAX: EMAIL: cjones@thermofluids.com | Trade Vendor | | | | $85,945.50 |
| 35 | Mader Corporation Attn: Alex Matters 242 Linden Street Fort Collins, CO 80524 | Mader Corporation Attn: Alex Matters PHONE: 843-224 2049 FAX: EMAIL: alex.matters@madergroup.com | Trade Vendor | | | | $84,403.97 |
| 36 | Flanders Electric Motor Service Attn: Rich Fifield 3245 Salt Creek Hwy Casper, WY 82601 | Flanders Electric Motor Service Attn: Rich Fifield PHONE: 307-237-4099 FAX: 812-867-2687 EMAIL: rfifield@flandersinc.com | Trade Vendor | | | | $80,335.18 |
| 37 | Proline Machining LLC Attn: Josh Boardman, President Po Box 1927 Gillette, WY 82717-1927 | Proline Machining LLC Attn: Josh Boardman, President PHONE: 307-680-0463 FAX: 330-319-8188 EMAIL: prolinemachiningllc@gmail.com | Trade Vendor | | | | $69,144.00 |
| 38 | 21 Electric LLC Attn: Josh Liggett – Owner 25278 N Us Hwy 85 New Castle, WY 82701 | 21 Electric LLC Attn: Josh Liggett – Owner PHONE: 307-746-5165 FAX: EMAIL: josh@21electricllc.com | Trade Vendor | | | | $62,962.75 |
| 39 | Tricon Wear Solutions LLC Attn: Rich Pollach 2700 5Th Avenue South Irondale, AL 352210 | Tricon Wear Solutions LLC Attn: Rich Pollach PHONE: 307-689-6600 FAX: 205-956-9706 EMAIL: rich.pallach@TriconWearSolutions.com | Trade Vendor | | | | $61,391.74 |
| 40 | Coleman Electrical Services LLC Attn: Pat Studle 2809 Dogwood Avenue Gillette, WY 82718 | Coleman Electrical Services LLC Attn: Pat Studle PHONE: 307-686-5775 FAX: 307-686-8609 EMAIL: pat.studle@colemanelectricalservice.com | Trade Vendor | | | | $57,519.78 |
| 41 | Spencer Fluid Power Attn: Marty Ruger Po Box 1275 Billings, MT 59103 | Spencer Fluid Power Attn: Marty Ruger PHONE: 307-682-5858 FAX: 888-295-1881 EMAIL: aruger@spencerfluidpower.com | Trade Vendor | | | | $57,330.58 |
| 42 | Oil Analysis Lab Inc Attn: Lane Crandell 1514 East Sprague Gillette, WY 82716 | Oil Analysis Lab Inc Attn: Lane Crandell PHONE: 509-535-9791 FAX: 509-535-1537 EMAIL: LaneC@oilab.com | Trade Vendor | | | | $56,249.00 |
| 43 | Securitas Security Services Usa Attn: Shawn Mcdonald 1000 W Temple Street Los Angeles, CA 90074-7220 | Securitas Security Services Usa Attn: Shawn Mcdonald PHONE: 307-682-1882 FAX: 973-397-2491 EMAIL: Shawn.mcdonal@securitasinc.com | Trade Vendor | | | | $48,358.37 |
| 44 | Western Cable & Belt Repair LLC Attn: Marge Hatfield 104 Commercial Dr Wright, WY 82732-0386 | Western Cable & Belt Repair LLC Attn: Marge Hatfield PHONE: 307-464-0299 FAX: EMAIL: westernc@collinscom.net | Trade Vendor | | | | $47,561.97 |

| Debtor | Cloud Peak Energy Inc. et al. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Northern Production Co LLC Attn: Sam Hunt 701 Sinclair Street Gillette, WY 82718 | Northern Production Co LLC Attn: Sam Hunt PHONE: 307-682-5708 FAX: 307-682-5530 EMAIL: | Trade Vendor | | | | $322,213.47 |
| 10 | Joy Global Surface Mining Inc Attn: Chris Bennett 5834 South Winland Drive Gillette, WY 82718 | Joy Global Surface Mining Inc Attn: Chris Bennett PHONE: 307-682-1445 FAX: EMAIL: chrisb@komatsueq.com | Trade Vendor | | | | $297,287.82 |
| 11 | Powder River Transportation Attn: Eric Waters 1700 E Hwy 14-16 Gillette, WY 82717-3047 | Powder River Transportation Attn: Eric Waters PHONE: 307-682-0960 FAX: 307-682-4422 EMAIL: eric.waters@coachusa.com | Trade Vendor | | | | $286,434.97 |
| 12 | Brake Supply Co Inc Attn: Dean Stephenson 1275 North 6 Mile Road Po Box 2949 Casper, WY 82602-2949 | Brake Supply Co Inc Attn: Dean Stephenson PHONE: 307-233-6127 FAX: 307-266-2900 EMAIL: dstephenson@brake.com | Trade Vendor | | | | $271,891.67 |
| 13 | Crown Products & Services Inc Attn: John Opseth 319 S. Gillette Ave., Suite 303 Gillette, WY 82716 | Crown Products & Services Inc Attn: John Opseth PHONE: 307-696-8175 FAX: 307-696-8174 EMAIL: jopseth@crownps.us | Trade Vendor | | | | $262,486.99 |
| 14 | Tractor & Equipment Company Attn: Travis Grammar 1835 Harnish Blvd Po Box 30158 Billings, MT 59107-0158 | Tractor & Equipment Company Attn: Travis Grammar PHONE: 406-651-8317 FAX: EMAIL: tgrammar@tractorandequipment.com | Trade Vendor | | | | $259,640.21 |
| 15 | H-Line Shipping Co., Ltd Attn: Kyungsik (Keith) Cho 8Th Floor, 42, Jong-Ro 1-Gil Seoul 100-755 South Korea | H-Line Shipping Co., Ltd Attn: Kyungsik (Keith) Cho PHONE: 82260201836 FAX: EMAIL: bulk@h-lineshipping.com | Port/Shipping | | | | $256,500.00 |
| 16 | Standard Laboratories, Inc. Attn: Steve Miladinovich Jr. 1880 North Loop Ave Casper, WY 82601-9225 | Standard Laboratories, Inc. Attn: Steve Miladinovich Jr. PHONE: 307-234-9957 FAX: 307-234-0013 EMAIL: pbowers@standardlabs.com | Customer Programs | | | | $203,798.97 |
| 17 | Spencer Fluid Power Inc Attn: Shannon Ewing 3201 Letourneau Drive Gillette, WY 82716-8504 | Spencer Fluid Power Inc Attn: Shannon Ewing PHONE: 307-682-5858 FAX: 253-796-1101 EMAIL: sewing@spencerfluidpower.com | Trade Vendor | | | | $229,416.41 |
| 18 | Nalco Company Attn: James Neissl 1601 W Diehl Road Naperville, IL 60563-1198 | Nalco Company Attn: James Neissl PHONE: 281-787-7710 FAX: EMAIL: jneissl@ecolab.com | Trade Vendor | | | | $217,997.37 |
| 19 | Sulzer Electro-Mechanical Srv Attn: Todd Colbrese 3382 Bird Drive Gillette, WY 82716 | Sulzer Electro-Mechanical Srv Attn: Todd Colbrese PHONE: 307-687-3538 FAX: 307-682-6432 EMAIL: todd.colbrese@sulzer.com | Trade Vendor | | | | $176,952.92 |
| 20 | Industrial Supply Company Attn: Chris Bateman PHONE: 801-464-1319 FAX: 801-487-0469 EMAIL: cbateman@indsupply.com | Industrial Supply Company Attn: Chris Bateman 1635 South 300 West Salt Lake City, UT 82718-6718 | Trade Vendor | | | | $169,057.59 |

Debtor      Cloud Peak Energy Inc. et al.                                    Case number (if known)_____
                         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Interstate Powersystems Attn: Russell Groombridge 3323 Letourneau Gillette, WY 82718 | Interstate Powersystems Attn: Russell Groombridge 3323 Letourneau Gillette, WY 82718 | Trade Vendor | | | | $162,229.44 |
| 22 | Whitmore Field Services LLC Attn: Larry Young 3207 East 2Nd Street Rockwall, TX 75087 | Whitmore Field Services LLC Attn: Larry Young PHONE: 307-660-6583 FAX: EMAIL: larry.young@whitmores.com | Trade Vendor | | | | $149,292.80 |
| 23 | Interlake Steamship Company Attn: Brendan 'O Conner 7300 Engle Road Middleburg Hts, OH 44130 | Interlake Steamship Company Attn: Brendan 'O Conner PHONE: 440-260-6900 FAX: 440-260-6945 EMAIL: boconnor@interlake-steamship.com | Port/Shipping | | | | $144,344.89 |
| 24 | Motion Industries Inc Attn: Matt Drake 5441 Swanson Road Gillette, WY 82718 | Motion Industries Inc Attn: Matt Drake PHONE: 801-917-3836 FAX: EMAIL: matt.drake@motion-ind.com | Trade Vendor | | | | $143,376.52 |
| 25 | Firemaster Attn: Jerry Greff – Franchise Owner Po Box 121019 Dallas, TX 75312 | Firemaster Attn: Jerry Greff – Franchise Owner PHONE: 307-687-7434 FAX: EMAIL: jerry@greffsinc.com | Trade Vendor | | | | $140,028.98 |
| 26 | Komatsu Equipment Company Attn: Chris Bennett 10790 Hwy 59 Gillette, WY 82718-7528 | Komatsu Equipment Company Attn: Chris Bennett PHONE: 307-682-1445 FAX: 307-687-1043 EMAIL: chrisb@komatsueq.com | Trade Vendor | | | | $139,004.71 |
| 27 | Titan Wheel Corp Of Virginia Attn: Susan Andrae 227 Allison Gap Road Saltville, VA 24370 | Titan Wheel Corp Of Virginia Attn: Susan Andrae PHONE: 775-738-7522 FAX: EMAIL: susan.andrae@titan-intl.com | Trade Vendor | | | | $128,024.00 |
| 28 | Epiroc Usa LLC Attn: Mike Schutt 3700 E 68Th Ave Commerce City, CO 80022 | Epiroc Usa LLC Attn: Mike Schutt PHONE: 307-682-0571 FAX: 303-253-6906 EMAIL: mike.schutt@epiroc.com | Trade Vendor | | | | $118,300.60 |
| 29 | Airgas Usa Inc Attn: Travis Belt 5548 Magnoson Blvd Gillette, WY 82718 | Airgas Usa Inc Attn: Travis Belt PHONE: 307-686-6700 FAX: EMAIL: travis.belt@airgas.com | Trade Vendor | | | | $114,988.53 |
| 30 | Wire Rope Industries Ltd Attn: Dg Reardon 5501 Trans-Canada Hwy Pointe-Claire, QC H9R 1B7 Canada | Wire Rope Industries Ltd Attn: Dg Reardon PHONE: 307-689-2626 FAX: 514-697-3534 EMAIL: dg.reardon@bridon-bekaert.com | Trade Vendor | | | | $110,440.16 |
| 31 | Rocky Mountain Brake Supply Inc Attn: Kenny Baker 1489 Bryan Stock Trail Casper, WY 82601 | Rocky Mountain Brake Supply Inc Attn: Kenny Baker PHONE: 307-235-3392 FAX: 307-235-6838 EMAIL: | Trade Vendor | | | | $102,724.48 |
| 32 | Raillink Attn: Angella Rueschhoff 1221 South Colorado Ave. Provo, UT 84606-6111 | Raillink Attn: Angella Rueschhoff PHONE: 307-257-4300 FAX: EMAIL: Angella.rueschhoff@gwrr.com | Transportation | | | | $101,256.66 |

Official Form 204        **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims**        page 3

Debtor  Cloud Peak Energy Inc. et al.                         Case number (if known)_____
        _____Name_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 45  Addons Inc Attn: Max Rogers , President 8040 Southpark Lane Littleton, CO 80120 | Addons Inc Attn: Max Rogers , President PHONE: 720 259 8189 FAX: 303-374-6225 EMAIL: max.rogers@addonsinc.com | Trade Vendor | | | | $46,205.43 |
| 46  Nidec Industrial Solutions Attn: Anna Marie Kennedy 7555 E Pleasant Vally Rd Independence, OH 44131 | Nidec Industrial Solutions Attn: Anna Marie Kennedy PHONE: 440-539-1171 FAX: 216-642-6037 EMAIL: | Trade Vendor | | | | $41,174.87 |
| 47  H-E Parts International Attn: Bill Brown 1733 Highway 87 East Billings, MT 59101-6618 | H-E Parts International Attn: Bill Brown PHONE: 406-896-3546 FAX: 678-443-2149 EMAIL: bbrown@h-epartsmining.com | Trade Vendor | | | | $41,163.94 |
| 48  Arnold Machinery Company Attn: Adam Coleman 10766 State Hwy 59 Gillette, WY 82718 | Arnold Machinery Company Attn: Adam Coleman PHONE: 307-686-7536 FAX: 801-973-8171 EMAIL: | Trade Vendor | | | | $39,654.53 |
| 49  Wells Fargo Rail Corporation Attn: John Schriever 6250 N. River Road, Suite 5000 Rosemont, IL 60018 | Wells Fargo Rail Corporation Attn: John Schriever PHONE: 415-801-8536 FAX: 847-318-7588 EMAIL: john.schriever@wellsfargo.com | Trade Vendor | | | | $39,467.03 |
| 50  Inter-Mountain Laboratories Inc Attn: Kevin Chartier, President 1673 Terra Avenue Sheridan, WY 82801 | Inter-Mountain Laboratories Inc Attn: Kevin Chartier, President PHONE: 307-461-4935 FAX: 307-672-8945 EMAIL: kchartier@imlinc.com | Trade Vendor | | | | $38,310.85 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PROSPECT LAND AND DEVELOPMENT LLC, | ) | Case No. 19 – [_____] |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest of the above captioned debtor in possession:

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Ownership Interest | Percentage of Ownership Interests Held |
|---|---|---|
| NERCO Coal LLC 385 Interlocken Crescent # 400 Broomfield, Colorado 80021 | Membership Units | 100% |

## CORPORATE OWNERSHIP STATEMENT (RULES 1007 (a)(1) and 7007.1)

Pursuant to Federal Rules of Bankruptcy Procedure 1007 (a)(1) and 7007.1, the following is a corporation, other than the debtor or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests:

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Equity Interest | Percentage of Equity Interests Held |
|---|---|---|
| NERCO Coal LLC 385 Interlocken Crescent # 400 Broomfield, Colorado 80021 | Membership Units | 100% |

1

**Fill in this information to identify the case and this filing:**

Debtor Name ___Prospect Land and Development LLC___

United States Bankruptcy Court for the: _____    District of ___Delaware___
                                                                        (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☑ Other document that requires a declaration ___List of Equity Security Holders and Corporate Ownership Statement___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___05/10/2019___

**✗** /s/ Bryan Pechersky

MM / DD / YYYY       Signature of individual signing on behalf of debtor

Bryan Pechersky
_____
Printed name

Executive Vice President, General Counsel and Corporate Secretary
_____
Position or relationship to debtor

## SECRETARY'S CERTIFICATE

The undersigned, being the Corporate Secretary of Cloud Peak Energy Inc. and each of its wholly owned Subsidiaries (collectively, the "*Companies*"), does hereby certify, on behalf of the Companies and not in an individual capacity, as follows:

1. I am the duly qualified and appointed Corporate Secretary of each of the Companies and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Companies.

2. Attached hereto as **Annex A** are true, correct, and complete copies of resolutions duly adopted by the boards of directors of Cloud Peak Energy Inc. and Cloud Peak Energy Resources LLC, respectively, on May 10, 2019.

3. Attached hereto as **Annex B**; are true, correct, and complete copies of resolutions duly adopted by the managers or members of the boards of directors of Arrowhead I LLC, Arrowhead II LLC, Arrowhead III LLC, Big Metal Coal Co. LLC, Caballo Rojo Holdings LLC, Cordero Mining Holdings LLC, Cordero Oil and Gas LLC, Youngs Creek Holdings I LLC, Youngs Creek Holdings II LLC, Youngs Creek Mining Company, LLC, Cloud Peak Energy Services Company, Cloud Peak Energy Logistics I LLC, NERCO LLC, NERCO Coal LLC, NERCO Coal Sales LLC, Prospect Land and Development LLC, CPE Resource Development LLC, Sequatchie Valley Coal Corporation, and Western Minerals LLC, respectively, on May 10, 2019.

4. Attached hereto as **Annex C** are true, correct, and complete copies of resolutions duly adopted by the boards of directors of Cloud Peak Energy Finance Corp. on May 10, 2019.

5. Attached hereto as **Annex D**; are true, correct, and complete copies of resolutions duly adopted by the managers or members of the boards of directors of Antelope Coal LLC, Caballo Rojo LLC, Cloud Peak Energy Logistics LLC, Cordero Mining LLC, Spring Creek Coal LLC, and Kennecott Coal Sales LLC, respectively, on May 10, 2019.

6. The above referenced resolutions have not been modified or rescinded, and are in full force and effect as of the date hereof.

*[Signature Page Follows]*

DocuSign Envelope ID: 368D395F-81A7-4D98-94A3-3BDFAE96DB73

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered on behalf of the Companies as of the date first written above.

Cloud Peak Energy Inc.
Cloud Peak Resources LLC
Cloud Peak Energy Finance Corp.
Antelope Coal LLC
Arrowhead I LLC
Arrowhead II LLC
Arrowhead III LLC
Big Metal Coal Co. LLC
Caballo Rojo LLC
Caballo Rojo Holdings LLC
Cloud Peak Energy Logistics LLC
Cordero Mining LLC
Cordero Mining Holdings LLC
Cordero Oil and Gas LLC
Spring Creek Coal LLC
Youngs Creek Holdings I LLC
Youngs Creek Holdings II LLC
Youngs Creek Mining Company, LLC
Cloud Peak Energy Services Company
Cloud Peak Energy Logistics I LLC
Kennecott Coal Sales LLC
NERCO LLC
NERCO Coal LLC
NERCO Coal Sales LLC
Prospect Land and Development LLC
CPE Resource Development LLC
Sequatchie Valley Coal Corporation
Western Minerals LLC

By: _____
DocuSigned by: *Bryan Pechersky*
E5E9C090CC544E3...
Name: Bryan Pechersky
Title:   Corporate Secretary

*Signature Page to*
*Secretary's Certificate*

ANNEX B

**CHAPTER 11 RESOLUTIONS OF THE MANAGERS OR BOARDS OF DIRECTORS OF CERTAIN SUBSIDIARIES OF CLOUD PEAK ENERGY INC.**

**RESOLUTIONS OF**
**THE MANAGERS OR BOARDS OF DIRECTORS OF**
**CERTAIN SUBSIDIARIES OF CLOUD PEAK ENERGY INC. AND**
**CLOUD PEAK ENERGY RESOURCES LLC**

**May 10, 2019**

**WHEREAS**, the Boards of Directors of Cloud Peak Energy Inc. and its wholly-owned subsidiary Cloud Peak Energy Resources LLC (collectively, the *"Parent Companies"*), have authorized the Parent Companies to file or cause to be filed with the United States Bankruptcy Court for the District of Delaware or another appropriate court (the *"U.S. Bankruptcy Court"*) voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*);

**WHEREAS**, the Board of Directors of Cloud Peak Energy Inc. authorized the Parent Companies to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of the Parent Companies, any and all other documents necessary or convenient to effect, cause or promote the reorganization of the Parent Companies under chapter 11 of the Bankruptcy Code and any and all other documents, any and all documents necessary to effectuate the sales and marketing process of the assets of the Parent Companies and a plan of reorganization providing for the restructuring, reorganization, or liquidation of the Parent Companies, and a disclosure statement related thereto, together with any amendments or modifications thereto, or any restatements thereof;

**WHEREAS**, on May 5, 2019, the managers or members of the boards of directors, as applicable (collectively, the *"Governing Body"*) of Arrowhead I LLC, Arrowhead II LLC, Arrowhead III LLC, Big Metal Coal Co. LLC, Caballo Rojo Holdings LLC, Cordero Mining Holdings LLC, Cordero Oil and Gas LLC, Youngs Creek Holdings I LLC, Youngs Creek Holdings II LLC, Youngs Creek Mining Company, LLC, Cloud Peak Energy Services Company, Cloud Peak Energy Logistics I LLC, NERCO LLC, NERCO Coal LLC, NERCO Coal Sales LLC, Prospect Land and Development LLC, CPE Resource Development LLC, Sequatchie Valley Coal Corporation. and Western Minerals LLC (collectively, the *"Subsidiaries"*), after considering the settlements contained therein, including the effect of the proposed reinstatement of liens and guarantees thereunder, approved the Subsidiaries' entering into the sale and plan support agreement and performing the obligations contemplated therein which such Subsidiaries executed on May 6, 2019 and which became effective on May 6, 2019 (as may be amended from time to time, the *"Sale and Plan Support Agreement"*);

**WHEREAS**, after review of the amendment to the Sale and Plan Support Agreement (the *"Amended Sale and Plan Support Agreement"*) and careful consideration, including consulting with the operational and legal advisors, the Governing Body has determined that it is desirable and in the best interests of the Subsidiaries to enter into the Amended Sale and Plan Support Agreement and that the performance of the transactions contemplated thereby is advisable to and in the best interests of the Subsidiaries;

**WHEREAS**, the Subsidiaries and their affiliates will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy

1

Code (the "*Cash Collateral*"), which is security for (i) Wilmington Trust, National Association, in its capacity as trustee and collateral agent under that certain Indenture for certain 12.00% notes due 2021, dated as of October 17, 2016, (the "*Secured Notes Indenture*") (in such capacity, the "*Secured Notes Trustee*", and together with the Holders (as defined in the Secured Notes Indenture) (the "*Prepetition Secured Noteholders*"), the "*Notes Secured Parties*") and (ii) the Prepetition Secured Noteholders.

WHEREAS, the Governing has unanimously determined that it is fair and reasonable to, and in the best interests of, the Subsidiaries, to file with a federal bankruptcy court voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") and initiate a sales and marketing process as contemplated in the Sale and Plan Support Agreement; and

WHEREAS, the Governing Body of each Subsidiary desires concurrently with the Parent Companies to file or cause to be filed with a federal bankruptcy court voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code (the "*Petitions*"); and

WHEREAS, the Parent Companies have authorized the Subsidiaries to file or cause to be filed with the U.S. Bankruptcy Court, the Petitions, and the Subsidiaries and the managers or boards of directors of the Subsidiaries are authorized and directed to take such actions as are necessary to accomplish the same consistent with such authorization.

## *Sale and Plan Support Agreement Amendment*

NOW, THEREFORE, BE IT RESOLVED, that the Governing Body of each Subsidiary hereby authorizes, adopts and approves, in all respects, the Amended Sale and Plan Support Agreement and each Subsidiary's performance of its obligations thereby;

FURTHER RESOLVED, that the Governing Body of each Subsidiary hereby authorizes and empowers each Subsidiary's President and Chief Executive Officer, Chief Financial Officer, Corporate Secretary and General Counsel, any Executive Vice President, any Senior Vice President, and any other duly appointed officer of such Subsidiary (collectively, the "*Authorized Officers*"), acting alone or with one or more other Authorized Officers, are hereby authorized to adopt, approve, execute ratify and confirm in all respects the forms of, and each and every term, provision and condition contained in, the Amended Sale and Plan Support Agreement and all schedules and exhibits attached thereto, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Officers executing the same shall approve (the execution and delivery thereof by any such Authorized Officer to be conclusive evidence of his or her approval of any such additions, deletions or changes);

## *Chapter 11 Authorization*

FURTHER RESOLVED, that the Governing Body of each Subsidiary has determined that it is desirable and in the best interests of such Subsidiary to file with a federal bankruptcy court voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code as set forth below;

2

**FURTHER RESOLVED,** that the Governing Body of each Subsidiary hereby authorizes such Subsidiary to file or cause to be filed with the U.S. Bankruptcy Court, the Petitions;

**FURTHER RESOLVED,** that each applicable Subsidiary's Authorized Officers acting alone or with one or more other Authorized Officers, are hereby authorized to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of such Subsidiary, the Petitions, in such form as prescribed by the Official Forms promulgated in connection with the Bankruptcy Code;

**FURTHER RESOLVED,** that, upon the filing of the Petitions as authorized by the preceding paragraph, each Authorized Officer of such Subsidiary, acting alone or with one or more other Authorized Officers is hereby authorized, to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of such Subsidiary, all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the chapter 11 bankruptcy case and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement of the chapter 11 case, each in such form or forms as the Authorized Officer may approve;

**FURTHER RESOLVED,** that the Authorized Officers of such Subsidiary are authorized and empowered to execute, deliver and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of such Subsidiary, all papers and pleadings that such Authorized Officers believe to be necessary or desirable to effect, cause or further the reorganization of such Subsidiary under chapter 11 of the Bankruptcy Code and any and all other documents, including any and all documents necessary to effectuate the sales and marketing process of the assets of the Parent Companies and a plan of reorganization providing for the restructuring, reorganization, or liquidation of the Parent Companies and a disclosure statement related thereto, together with any amendments or modifications thereto, or any restatements thereof;

### _Debtor-in-Possession Financing, Cash Collateral and Adequate Protection_

**FURTHER RESOLVED,** that the Subsidiaries shall be, and hereby are, authorized by the Governing Body to: (a) undertake any and all transactions contemplated by that certain Superpriority Senior Secured Priming Debtor-in-Possession Credit Agreement, by and among Cloud Peak Energy Inc., a Delaware corporation, the subsidiaries of Cloud Peak Energy Inc. from time to time party thereto (collectively with Cloud Peak Energy Inc., the "**_Borrowers_**"), Ankura Trust Company, LLC as administrative agent (in such capacity, including any sub-agent or any successor or assignee of any of the foregoing, the "**_DIP Agent_**") and as collateral agent (in such capacity, including any sub-agent or any successor or assignee of any of the foregoing, the "**_Collateral Agent_**"), and each lender from time to time party thereto, as lenders (the "**_Lenders_**," and such agreement, the "**_DIP Credit Agreement_**"), on substantially the terms and subject to the conditions described to the Governing Body and as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by the Governing Body or any of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (b) borrow funds from, provide guaranties to, pledge its assets as collateral to and undertake any and all related transactions contemplated thereby (collectively, the "**_Financing Transactions_**" and each such transaction a "**_Financing Transaction_**") with such Lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the

3

continuing conduct of the affairs of the Subsidiaries; (c) execute and deliver and cause the Subsidiaries to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Governing Body; and (e) pay related fees and grant security interests in and liens upon some, any or all of the Subsidiaries' assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions;

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Subsidiaries, as debtors and debtors-in-possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Subsidiaries to incur and perform its obligations under the DIP Credit Agreement and the other related documentation (collectively, the *"DIP Loan Documents"*), any hedging agreements, any secured cash management agreements, and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreements, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof;

FURTHER RESOLVED, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents be, and the same hereby are in all respects approved, and that any Authorized Officers or other officers of the Subsidiaries are hereby authorized and empowered, in the name of and on behalf of the applicable Subsidiary, to execute and deliver and to execute and file the DIP Credit Agreement and each of the DIP Loan Documents to which the Subsidiaries are parties, each on substantially the terms described to the Governing Body, with such changes, additions and modifications thereto as the officers of each such Subsidiary executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

FURTHER RESOLVED, that the Authorized Officers and each other officer of the Subsidiaries be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any UCC financing statements, mortgages, notices, and any necessary assignments for security or other documents in the name of the applicable Subsidiary that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of,

4

such mortgages and deeds of trust in respect of real property of the Subsidiaries and such other filings in respect of intellectual and other property of the Subsidiaries, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Governing Body, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP financing documents, and to execute and file on behalf of the applicable Subsidiary all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof;

FURTHER RESOLVED, that the Subsidiaries will obtain benefits from the incurrence of the loans and other financial accommodations under the DIP Credit Agreement by the Borrowers and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the other DIP Loan Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Subsidiaries;

FURTHER RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Subsidiaries are authorized to provide certain adequate protection to the Notes Secured Parties (the "*Adequate Protection Obligations*"), as documented in a proposed interim order (the "*Interim DIP Order*") and a proposed final order (the "*Final DIP Order*", and together with the Interim DIP Order, the "*DIP Orders*") described to the Governing Body and submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Orders to which the Subsidiaries are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Officers of the Subsidiaries be, and hereby is, authorized and empowered, in the name of and on behalf of the applicable Subsidiary, to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the DIP Orders and the DIP Loan Documents (together with the DIP Orders, collectively, the "*DIP Documents*"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to the Governing Body, with such changes, additions, and modifications thereto as the Authorized Officers of the Subsidiaries executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof;

FURTHER RESOLVED, that the Subsidiaries, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "*Adequate Protection Transactions*");

5

FURTHER RESOLVED, that the Authorized Officers of the Subsidiaries be, and they hereby are, authorized and directed, and each of them acting alone be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the applicable Subsidiary, to take such actions as in their discretion is determined to be necessary, appropriate, or desirable and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "*Adequate Protection Documents*"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document;

FURTHER RESOLVED, that each of the Authorized Officers of the Subsidiaries be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the applicable Subsidiary to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the applicable Subsidiary in connection with these Resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, appropriate, or desirable to perform any of the applicable Subsidiary's obligations under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of these Resolutions;

## *Retention of Professionals*

FURTHER RESOLVED, that the engagement of Vinson & Elkins LLP as general bankruptcy counsel to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code in U.S. Bankruptcy Court, and to take any and all actions to advance each Subsidiary's rights and obligations, including filings and pleadings, is hereby approved, and each of the Authorized Officers is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Vinson & Elkins LLP;

FURTHER RESOLVED, that the engagement of Richards, Layton & Finger, P.A. as local counsel to advise the each Subsidiary in connection with the contemplated chapter 11 filing, is hereby approved, and each of the Authorized Officers is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Richards, Layton & Finger, P.A.;

FURTHER RESOLVED, that the engagement of Centerview Partners LLC as investment banker to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code in U.S. Bankruptcy Court, and to take any and all actions to advance each Subsidiary's rights and

6

obligations, is hereby approved, and each of the Authorized Officers is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Centerview Partners LLC;

**FURTHER RESOLVED**, that the engagement of FTI Consulting, Inc. as operational advisor to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code in U.S. Bankruptcy Court, and to take any and all actions to advance each Subsidiary's rights and obligations, is hereby approved, and each of the Authorized Officers is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of FTI Consulting, Inc.;

**FURTHER RESOLVED**, that the engagement of Prime Clerk, LLC as notice and claims agent to represent and assist each Subsidiary in carrying out its duties under the Bankruptcy Code in U.S. Bankruptcy Court, and to take any and all actions to advance each Subsidiary's rights and obligations, is hereby approved, and each of the Authorized Officers is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Prime Clerk, LLC;

**FURTHER RESOLVED**, that each of the Authorized Officers is hereby authorized and directed to employ any other professionals to assist each Subsidiary in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

*General*

**FURTHER RESOLVED**, that each of the Authorized Officers is hereby authorized, on behalf of each Subsidiary, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents; and

**FURTHER RESOLVED**, that all actions heretofore taken by any officer, employee or representative of each Subsidiary in its name or for its account in connection with any of the above matters are hereby in all respects ratified, confirmed and approved.

*[The remainder of this page is intentionally blank.]*

7